UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA et. Al**<br>*Ex rel*  **WILLIAM LaCORTE** | **MISCELLANEOUS ACTION** |
| **VERSUS** | **NO:   16-16636** |
| **WYETH** | **SECTION: "I"** |

## ORDER

Before the Court is a **Motion for Objection and Request to Quash Subpoena (Rec. Doc. 1)** filed by J. Marc Vezina and Vezina & Gattuso (collectively, "Vezina") who moves the Court to quash the subpoena issued by Sherif K. Sakla, MD, JD and the Sakla Law Firm, APLC (referred to as "the Sakla Group") which was issued to the Board of Supervisors of Louisiana State University & Agriculture & Mechanical College seeking (1) testimony and (2) production of medical school records of non-party and former attorney of William LaCorte, J. Mar Vezina.

### I.    Background

This dispute is an *in-rem* proceeding involving three parties all who are law firms each claiming a contingency fee in a False Claims Act case in the United States District for the District of Massachusetts.  The disputed funds were deposited in the registry of the Massachusetts court. Vezina therefor seeks to quash the subpoena seeking the production of his medical school records for the following reasons; (1) Vezina medical school records are not relevant to the fee dispute; (2) the subpoena is untimely because it was propounded on  November 18, 2016, the discovery deadline with a return date of November 28, 2016; (3) The material sought to be produced violates the privacy protection afforded by the Family Educational Rights and Privacy Act ("FERPA") and the Health Insurance Portability and Accountability Act ("HIPPA"); and (4) the subpoena's return date  provides only 5 days  which was further shortened by the Thanksgiving Holiday.

## II. **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed.R.Civ.P. 45(d)(3). Under Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P. 45(d)(1).

Furthermore, Rule 45(d)(3)(A) further provides that:

On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to an undue burden.

## III. **Analysis**

Vezina contends that the Sherif K Sakla and the Sakla Law Firm subpoena should be quashed because the information sought is not relevant to the determination of attorney's fees, it

violates his privacy rights under FERPA and HIPPA, the time for production was not reasonable and is untimely because it was propounded on the discovery deadline with a return date of just after the Thanksgiving Holiday. As a result, Vezina contends that the motion should be granted.

The Sakla Group contends that the subpoena should not be quashed because (1) Vezina's medical school records are material to the issue of his education, skills and training pursuant to Louiaiana Rule 1.5 of the Rules of Professional conduct (2) his resume did not include information confirming that he attended medical school for two years. The Sakla group contends that (3) that they complied with the mileage and attendance fee requirement of Local Rule 45.1 and (4) that FERPA does not shield academic records from discovery.

Vezina further contends that the motion should be granted because his medical school grades and attendance are not relevant to the dispute over attorney's fees. He argues that he is not a party to the fee dispute but his law firm is the real party. Consequently, Vezina contends that the motion to quash should be granted.

The Sakla Group contends in contrast that the underlying case involved a pharmaceutical company that would substitute its drugs for other similar but not identical compounds sold by its competitors so having a lawyer with a medical background was important to LaCorte, the client. Sakla points out that he has a medical and law license. As a result, since Vezina purportedly attended medical school and the timing of his attendance seemed impossible, the Sakla Group contends that his medical school records are relevant to the attorney's fee application.

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense....." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be

"proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Rule 1.5(e) of the Louisiana Rules of Professional Conduct precludes "[a] division of fee between lawyers who are not at the same firm" unless three conditions are met: "(1) the client agrees in writing to the representation by all of the lawyers involved, and is advised in writing as to the share of the fee that each lawyer receive; (2) the total fee is reasonable; and (3) each lawyer renders meaningful legal services for the client in the matter." The trial judge allocating fees between a discharged attorney and the attorney who represented the plaintiff at the successful conclusion of the case must consider the evidence regarding the time and efforts of the respective attorneys in light of *Saucier v. Hayes Dairy Prods. Inc.* 373 So.2d 102 (La. 1979). *See also, Sewell v. Hanover Ins. Co.* 517 So. 2d at 413, 415 (La. App. 1st Cir. 1987); cf. *In re High Sulfur Content Gasoline Prods., 517 F.3d at 232 (5th Cir. 2008)* (quotation omitted) (In allocating attorney's fees from a common fund settlement in a class action, the court should "compare the contributions of all plaintiffs' attorneys in order to determine if the fee allocation was equitable. After all, [a]llocation means proportion; how does the share [one] counsel is taking compare to the shares others are getting?").

Rule 5.1 clearly delineates that the issues involve the rendering of meaningful legal services. Whether the lawyer has additional non-legal educational experience is not relevant to his skill in rendering legal services. Typically in cases such as this the lawyers rely on industry experts to assist them in developing their case theory and Sakla's counsel confirmed that even

though his client had a medical degree that he relied upon industry experts which resulted in a favorable result for their client. Further while the Sakla Group questioned Vezina's credibility regarding his attendance at medical school for a period, the Court received evidence during the hearing which was shown to the Sakla Group's lawyer substantiating his attendance at medical school. Consequently, the Court finds that the medical school records of Vezina are not relevant to the attorneys' fee issue. Further, even if relevant, Sakla's attorney was provided evidence whit confirmed Vezina's attendance. Having determined that the medical school records are not relevant, the Court does not reach the other issues raised by the parties.

**IT IS THE0REFORE ORDERED THAT** the **Motion for Objection and Request to Quash Subpoena (Rec. Doc. 1)** is **GRANTED**.

New Orleans, Louisiana, this 12th day of January 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5